IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02297-CMA-MJW

ROSEMARY STRASSELL,

Plaintiff,

v.

OFFICER DERRICK M. NORRIS,

Defendant.

**REPORT AND RECOMMENDATION ON
DEFENDANT ARAPAHOE COUNTY DEPUTY SHERIFF DERRICK NORRIS'
MOTION TO DISMISS (DOCKET NO. 10)**

**Michael J. Watanabe
United States Magistrate Judge**

This case is before this Court pursuant to an Order of Reference to Magistrate Judge issued by Judge Christine M. Arguello on November 13, 2017. (Docket No. 17.) Now before the Court is Defendant Arapahoe County Deputy Sheriff Derrick Norris' ("Defendant") Motion to Dismiss. (Docket No. 10.) The Court has reviewed the subject motion (Docket No. 10), Plaintiff Rosemary Strassell's ("Plaintiff") Response (Docket No. 19), and Defendant's Reply. (Docket No. 20.) The Court has taken judicial notice of the Court's file, and considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**I. BACKGROUND**

This case involves a single claim of excessive force asserted against Defendant personally. In her Complaint (Docket No. 1), Plaintiff alleges that she is a disabled

individual with profound hearing impairment, along with several other serious health issues for which she is prescribed medication. Plaintiff asserts that her disability is open and obvious. Defendant stopped her vehicle on September 24, 2015, at approximately 6:00 p.m., "on the pretext" of an obstructed windshield. He arrested Plaintiff for alleged possession of narcotics, and applied excessive force while handcuffing and restraining her. As a result, Plaintiff suffered a shoulder injury that eventually required surgery. The charges against Plaintiff were ultimately dismissed because the medications found in her vehicle were legitimately prescribed.

## II. LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of America, Inc. v. NBC Universal, Inc*., 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Conclusory allegations are insufficient. *Cory v. Allstate Ins*., 583 F.3d 1240, 1244 (10th Cir. 2009). Instead, in the complaint, the plaintiff must allege a "plausible" entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007). A complaint warrants dismissal if it fails "*in toto* to render plaintiffs' entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14 (italics in original). "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima facie case for each element." *Safe Street Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)

2

(citation, internal quotation marks, and alteration omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"). The "'burden[, however,] is on the moving party to prove that no legally cognizable claim for relief exists.'" *Hall v. Oliver*, No. 15-cv-01949-RBJ-MJW, 2017 WL 1437290, at *4 n.1 (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed.)).

### III. ANALYSIS

Defendant contends that he is entitled to qualified immunity. Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court's analysis of qualified immunity in the context of a Rule 12(b)(6) motion is a two-part process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a violation could be made out on a favorable view of the parties' submissions, the next step is to ask whether the right was clearly established. *Id.* "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff

3

maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1497 (10th Cir. 1992).

Turning to the first factor, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment.[1] Section 1983 allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983. To assert a claim under § 1983, Plaintiff must show (1) that she had a right secured by the Constitution and laws of the United States that was violated (2) by a person who acted under color of state law. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

An officer using force in the course of a seizure of a citizen is entitled to qualified immunity unless the level of force violated clearly established Fourth Amendment law. *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1313 (10th Cir. 2009). "The Fourth Amendment forbids unreasonable seizures, including the use of excessive force in making an arrest." *Casey v. City of Federal Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007). To establish a constitutional violation, the plaintiff must demonstrate the force used was objectively unreasonable. *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008). The objective reasonableness standard "requires inquiry

---

[1] Although Plaintiff brings her claim for relief under both the Fourth and Fourteenth Amendment, the Tenth Circuit has held that the Fourth Amendment applies to incidents "leading up to and including an arrest of a citizen previously at liberty." *Porro v. Barnes*, 624 F.3d 1322, 1325–26 (10th Cir. 2010). The Fourth Amendment's "protections . . . persist to impose restrictions on the treatment of the arrestee detained without a warrant," until the detainee is charged or arraigned. *Austin v. Hamilton*, 945 F.2d 1155, 1160 (10th Cir. 1991), *abrogated on other grounds by Johnson v. Jones*, 515 U.S. 304 (1995). The Fifth or Fourteenth Amendments apply to the period between initial seizure and post-conviction punishment. *Porro*, 624 F.3d at 1325–26.Here, the allegedly unconstitutional conduct occurred during the arrest. Hence, the Fourth Amendment applies.

into the factual circumstances of every case; relevant factors include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest." *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001) (citation omitted). A "court assesses the reasonableness of an officer's conduct from the perspective of a reasonable officer on the scene, acknowledging that the officer may be forced to make split-second judgments in certain difficult circumstances." *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005) (quoting *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1314 (10th Cir. 2002) (further citation omitted)).

Here, Plaintiff's Complaint does not allege sufficient facts to plausibly state that Defendant's use of force was objectively unreasonable. Indeed, Plaintiff does not describe that use of force in any detail at all. The following is the Complaint's description of Plaintiff's arrest and subsequent injury in its entirety: "During the course of said arrest, Defendant Norris applied excessive force while handcuffing and restraining Plaintiff, causing injury to Plaintiff including to her shoulder. Plaintiff repeatedly advised defendant that he was causing injury." (Docket No. 1 ¶ 19.) The Court first notes that the right to make an arrest "carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Beyond Plaintiff's conclusory statement that Defendant applied excessive force, the Complaint essentially describes a normal, permissible arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354–55 (2001) (noting that a lawful custodial arrest, where one is handcuffed, placed in a patrol car, and taken to the police

5

station, may be inconvenient and embarrassing, but not violative of the Fourth Amendment). Moreover, although Plaintiff alleges that she repeatedly advised Defendant that he was causing injury, she fails to describe the manner in which Defendant restrained and then placed her in handcuffs, the amount of time she was restrained, or how and when the injury to her shoulder actually occurred. She also does not describe what role, if any, her open and obvious disabilities played in Defendant's unlawful use of force. Under these circumstances, Plaintiff has failed to allege sufficient facts that Defendant violated her constitutional rights. *See Jones v. Lehmkuhl*, No. 11-CV-02384-WYD-CBS, 2013 WL 6728951, at *11 (D. Colo. Dec. 20, 2013) (dismissing a plaintiff's excessive force claim that rested on nothing more than conclusory statements of law). Accordingly, Defendant is entitled to qualified immunity, and Plaintiff's Complaint should be dismissed.

## IV. RECOMMENDATION

It is hereby **RECOMMENDED** that Defendant Arapahoe County Deputy Sheriff Derrick Norris' Motion to Dismiss (Docket No. 10) be **GRANTED** and that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated: June 12, 2018  
Denver, Colorado

*/s/ Michael J. Watanabe*  
Michael J. Watanabe  
United States Magistrate Judge